FILED
U.S. DISTRICT COURT
DIV.
2011 MAR 15 AM 8:34
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO.: CR210-026

WILLIAM G. BARTLETT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant William Bartlett ("Defendant"), has been charged with making materially false statements to a federal agency, in violation of 18 U.S.C. § 1001. Defendant filed a Motion to Dismiss Indictment, as amended, and the Government filed a Response. Defendant asserts that the indictment against him should be dismissed because it is barred by the double jeopardy clause. Defendant contends that the "repeated sanctions and penalties" which have been imposed against him "are clearly retributive in nature and constitute criminal punishment". (Doc. No. 40, p. 4).

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The Supreme Court has held that the Double Jeopardy Clause 'protects only against the imposition of multiple *criminal* punishments for the same offense.'" Jung Bea Han v. McDonald, No. 10-11291, 2011 WL 118250, at *2 (11th Cir. Jan. 13, 2011) (quoting Hudson v. United States, 522 U.S. 93, 98-99 (1997) (emphasis in original). "Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory

construction." Hudson, 522 U.S. at 99. "A court must first ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." Id. (internal citation omitted). Even in those cases where the legislature "has indicated an intention to establish a civil penalty," a court should inquire "further whether the statutory scheme was so punitive either in purpose or effect," as to "transfor[m] what was clearly intended as a civil remedy into a criminal penalty." Id.[1]

"Because double jeopardy applies to punitive and not to remedial sanctions, a civil sanction that does not consist of money damages requires a court to consider the penalty imposed and the purposes of the penalty to determine if a legitimate, remedial purpose is served[.]" United States v. Reed, 937 F.2d 575, 577-78 (11th Cir. 1991). "Only when the civil sanction serves a retributive or deterrent purpose does the sanction constitute punishment and violate the Double Jeopardy Clause. Id. The Federal Aviation Administration's ("FAA") revocation of a pilot certificate "ensure[s] air safety by removing an unqualified pilot from the ranks of those who hold pilot certificates granted by the FAA [and] serves a remedial purpose." Zukas v. Hinson, 124 F.3d 1407, 1412 (11th Cir. 1997).

---

[1] In making this latter determination, the factors listed in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963), provide useful guideposts, including: (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter "; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned." United States v. Mayes, 158 F.3d 1215, 1221 (11th Cir. 1998) (quoting Hudson, 522 U.S. at 99-100). "It is important to note, however, that these factors must be considered in relation to the statute on its face, and only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." Hudson, 522 U.S. at 99-100.

AO 72A
(Rev. 8/82)

In Zukas, the Eleventh Circuit Court of Appeals found, after recounting the purpose of the Federal Aviation Act of 1958, that the FAA's revocation of Zukas' pilot's license after his conviction for a drug offense was not a criminal sanction. Rather, that court determined Zukas' revocation was "a remedy imposed to enhance air safety and to promote the public interest" and was not "punishment" under the double jeopardy clause. Id. at 1413.

Likewise, the FAA's decision to revoke Defendant's pilot certificates was remedial in nature. The Court recognizes Defendant's assertion that he has had to expend quite a large sum of money to reacquire his certificates. However, Defendant has offered no evidence to support this assertion or which reveals that the expenditure of these monies was a result of sanctions imposed by the FAA. The double jeopardy clause is not implicated in this case.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss Indictment, as amended, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3